Richard Back appeals from an order designating him to be a sexual predator. We will affirm.
Back was charged by information with and pleaded no contest to the rape of a four-year-old boy and the rape and involuntary manslaughter of an almost two-year-old sibling brother of the four-year-old. Although Back sexually abused the twin brother of the deceased child, he was not charged with any offense as to that child. Back was found guilty and sentenced to concurrent sentences of ten to twenty-five years.
The offenses occurred over a several month period during the spring of 1987. Shortly after the death of the child in April, 1987, Back relocated to Florida where he appears to have led a crime-free life. The criminal charges against Back were disposed of in September, 1989.
In addition to the customary documentary evidence presented at sexual predator hearings, the trial court conducted an evidentiary hearing that extended over three days. The principal witness for the state was Dr. D. Susan Perry Dyer and the principal witness for Back was Dr. James Daniel Barna. Both Dr. Dyer and Dr. Barna were extensively examined on their written evaluations, both of which are part of the evidence.
The trial court's order finding Back to be a sexual predator, entered July 30, 2000, precipitated this appeal wherein Back advances two assignments of error which we will discuss together:
 1. THE TRIAL COURT'S DECISION DESIGNATING APPELLANT A SEXUAL PREDATOR, AS DEFINED BY R.C. § 2950.01(E), IS CONTRARY TO THE MANIFEST WEIGHT OF EVIDENCE.
 2. THE COURT ABUSED ITS DISCRETION IN DESIGNATING APPELLANT A SEXUAL PREDATOR.
It is by now well understood that a sexual predator is a person who, having been previously convicted of a sexually oriented offense, is likely to commit another sexually oriented offense. It is also well understood that the state must establish this likelihood by clear and convincing evidence.
The testimony and reports of Drs. Dyer and Barna conflicted on the question of the likelihood of Back's reoffending and it was up to the trial court to resolve these conflicts.
In arguing that the trial court abused its discretion in finding him to be a sexual predator in the face of the manifest weight of the evidence to the contrary, Back focuses on the following: (1) he was sixteen years old in 1987 when he committed these offenses and his current age suggests he is unlikely to reoffend; (2) his lack of other criminal record is an indicator that he is unlikely to reoffend; (3) the age of the victims suggests an 11% chance of reoffending-a figure provided by Dr. Barna based on a study by Hanson and Bussiere; (4) his lack of an alcohol or drug problem; (5) his lack of mental illness; his completion of several self-improvement programs, including the Polaris Program for sex offenders, while in prison; and (6) his crime-free life in Florida for two years between 1987 and 1989.
Undeniably, these are factors which favored Back. However, Dr. Dyer offered compelling testimony, which tracked her written report, which counteracted these favorable factors. Back sexually abused the three brothers, primarily by forcing them to commit fellatio upon him, on numerous occasions over a several month period when they were left in his care. He also subdued them by cutting off their air supply, and became sexually aroused in doing so. It was this activity that caused the twin's death.
Although conceding that several of the H.B. 180 factors favored Back, Dr. Dyer's report identified several factors that did not:
 C. Age of the victim. There is no known statistical relationship between the age of a victim per se and recidivism, except that offenders who choose adult females, as in rape-type crimes, are at high risk. It is also known that offenders who molest children within a family or circle of influence are at somewhat lower risk. In Mr. Back's case, his victims were three children whose care was entrusted to him by their mother. He had formed a relationship with these children and the nature of the crime suggests that of a child molest [sic]. On the other hand, the details of his crime indicate a highly aggressive and even sadistic crime which is of the highest risk.
 D. Whether the sexually oriented offense for which sentence is imposed involved multiple victims. Again, there is no known statistical relationship between multiple victims within a particular crime and recidivism. It would appear however that multiple victims speaks to the issue of an offender's willingness to be less discrete about his offending behavior and about the pervasiveness of his deviance. In Mr. Back's case he had three victims, ranging in age from less than two years to four years old.
 E. Whether the offender used drugs or alcohol to impair his victims or to prevent them from resisting. Again, there is no known statistical relationship between this factor and recidivism. In Mr. Back's case however, there is no suggestion that he used either drugs or alcohol to impair his victims in anyway. It must be noted however, that Mr. Back was particularly violent with his victims, in that he smothered them so as to prevent them from resisting. Such action is more quick-acting than would be drugs or alcohol. It must also be noted that the act of impairing his victims was sexually stimulating to him and the more impaired and vulnerable was his victim, the more sexually excited he became.
* * *
 G. Any mental illness or mental disability of the offender. It is known statistically that the presence of an Antisocial Personality Disorder increases the risk for reoffense. Mr. Back does not carry this diagnosis. Typically Pedophiles who molest within a family setting are at lower risk for offense. In Mr. Back's case however, his Pedophilia was committed within a highly deviant and sadistic fashion. It is known that sadistic offenders are at highest risk for reoffense.
 H. The nature of the sexual conduct with the victim and whether or not it constitutes a pattern of abuse. It is known that a chronic and strong pattern of abuse is associated with recidivism. In Mr. Back's case, the sexual contact occurred with three victims over a long period of time. Such would constitute a strong and chronic pattern of abuse and would increase the risk of recidivism.
 I. Whether or not the offender displayed cruelty, force, or threat of cruelty toward his victims. Offense reports clearly indicate that Mr. Back is a sadistic offender who gains sexual gratification from impairing his victims and watching them in their terror. Although he reports that the death of one of his victims as not associated with sexual gratification, he admits that the sexual component was frequently there when he cut off the air supply to his young victims. This behavior, which combines aggression and sexual arousal, places Mr. Back in the highest risk category, i.e. Sadistic Offenders.
 J. Any other behavioral characteristics that contribute to the offender's conduct. It is known statistically that never-married individuals are at higher risk for sexual recidivism. It is also known that the use of alcohol and/or drugs can disinhibit individuals so as to make the likelihood of reoffense higher. Although Mr. Back denies that the [sic] has an alcohol or drug problem, he also states that it was involved during each of his sexual contacts with his victims. Of concern is the fact that he has not pursued drug or alcohol treatment in the institution.
 Of most concern regarding this offender is the fact that although he has "successfully" completed the Polaris Program by their standards, to this psychologist he appears to be misinformed about his sexual deviance. He reports that he has learned that he was aroused by the violence involved in his crime and that his arousal had nothing to do with the fact that his victims were children. This conceptualization is naive and does not account for the sexual component which is involved in any sexual crime. While it is true that Mr. Back's behavior had a large aggressive component, it is also true that his victims were vulnerable children to whom he had some sexual attraction. I therefore am greatly concerned that Mr. Back has either misunderstood or has been misled in his treatment. I do not consider him to be a successfully treated Sex Offender. Because he denies the sexual component involved in his crime he is at risk for sexual reoffense.
As observed earlier, it is the province of the trial court to weigh conflicting evidence. Having reviewed the entire record of these proceedings, we are satisfied that the trial court acted within its discretion in determining that the state presented clear and convincing evidence that Back is likely to again commit a sexually oriented offense. Of particular significance are the aggression and sadism that accompanied Back's offenses, which are indicative of a high risk to reoffend; Back's failure to seek alcohol and drug treatment, even though he claimed to be high on drugs and alcohol when he abused the three boys; the chronic pattern of abuse demonstrated by Back's frequent abuse of the boys over a period of several months; and the fact that Back is not a successfully treated sex offender.
The assignments of error are overruled.
FAIN, J. and YOUNG, J., concur.